Jessica R. K. Dorman, Esq. (SBN: 279919)
jessica@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3609
(619) 233-7770
(619) 297-1022

Attorneys for Mattar Randazzo

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| Mattar Randazzo | Case No: 13-CV-1023-JM-WMC |
|---|---|
| Plaintiff, | **First Amended Complaint For Damages** |
| v. | |
| Conrad Credit Corporation and Valley Athletic Club, LLC aka Pure Fitness | **Jury Trial Demanded** |

## INTRODUCTION

1.   The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

HYDE & SWIGART
San Diego, California

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Mattar Randazzo, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Conrad Credit Corporation ("Conrad") and Valley Athletic Club, LLC aka Pure Fitness ("Pure Fitness"), ("Defendants"), with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

7. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

///
///

**JURISDICTION AND VENUE**

8.   Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

9.   This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

10.  Because Defendants do business within the State of California, personal jurisdiction is established.

11.  Venue is proper pursuant to 28 U.S.C. § 1391.

12.  At all times relevant, Defendants conducted business within the State of California.

**PARTIES**

13.  Plaintiff is a natural person who resides in the City of El Cajon, State of California.

14.  Conrad is located in the City of Escondido, in the State of California.

15.  Pure Fitness is located in the City of San Diego, in the State of California.

16.  Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

17.  Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

18.  Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

19. Defendants, in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), are therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).

20. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

21. At all relevant times, Plaintiff is informed and believes and , based thereon, alleges that Defendant Pure Fitness is a health studios services facility, located at 522 Jamacha Rd. El Cajon CA 92019.

**FACTUAL ALLEGATIONS**

22. Prior to January 2011 Plaintiff suffered a tear in her rotator cuff. She sought to recover as quickly and safely as possible. Her doctor suggested that she try working out at a gym.

23. On or about January 10, 2011 Plaintiff spoke with Will at Pure fitness about her medical condition. She explained that she would need a short trial period before signing up for a long term membership because she did not know if her rotator cuff could withstand the activity.

24. They signed a contract for a three month membership and the membership dues would be paid automatically by electronic check monthly.

25. This agreement constitutes a health studio services contract as defined under California Civil Code §1812.81.

26. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

27. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another

HYDE & SWIGART
San Diego, California

person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

28.  This agreement between Plaintiff and Pure Fitness failed to include the proscribed language regarding the right to cancel in close proximity to the space reserved for the buyer to sign.

29.  The first page of the Agreement failed to contain the name and address of the health studio operator to whom notice of cancellation is to be mailed as required by California Civil Code §1812.85

30.  The Agreement does not comply with the applicable provisions of California Civil Code, Title 2.5, §§ 1812.80 *et seq*. Therefore, pursuant to California Civil Code § 1812.91, the Agreement is void and unenforceable.

31.  However, at that time, Plaintiff believed there to be a valid 3 month contract.

32.  Plaintiff was only able to go to Pure Fitness a few times. She expected that her membership would simply expire at the end of the three months.

33.  After the initial three months, she thought nothing of the membership or its billing.

34.  Later Plaintiff discovered that Pure Fitness had altered the original contract that she signed and turned it into a twenty-four (24) month contract.

35.  Plaintiff believes that the employee who did this was subsequently fired for this exact behavior. He had done this because he was compensated on a commission basis and it was to his benefit to alter contracts.

36.  Pure Fitness continued to debit funds from Plaintiff's account for a monthly membership.

37.  Several months later Plaintiff lost her checkbook and was issued a new account number was issued. As a result, the automatic payments from Plaintiff to Pure Fitness were interrupted.

HYDE & SWIGART
San Diego, California

38. Sometime thereafter, but before June 12, 2012, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff believes this to be an invalid debt.

39. On or about June 12, 2012, Plaintiff was contacted by Pure Fitness through a bill showing the monthly charge and a returned check fee. On this bill, there was a handwritten note stating that Plaintiff's billing information needed to be updated.

40. It was at this point that Plaintiff discovered that Pure Fitness had charged and was continuing to charge her beyond the initial 3 months.

41. Pure Fitness sent at least four more statements to Plaintiff over the following two months, and charged her at least two more months membership.

42. Plaintiff was unable to reach a resolution with Pure Fitness, and decided that she needed to pursue legal action in Small Claims.

43. Plaintiff went to the county recorder's office and found "Scott Elliot dba Pure Fitness". Plaintiff believed that Scott Elliot was the owner of the company she had been dealing with.

44. Subsequently, on September 10, 2012, Plaintiff filed a small claims action against Scott Elliot dba Pure Fitness for the money that they automatically took for the months beyond the initial three months she had authorized.

45. Plaintiff prevailed in small claims and judgement was awarded to Plaintiff against Scott Elliot dba Pure Fitness. The judgment remains unpaid.

46. Plaintiff has since discovered that she sued and served the wrong "Pure Fitness". However, the underlying issue remains, that Defendant Pure Fitness was collecting an amount not owed by Plaintiff.

47. Though the small claims judgement was against the wrong entity, a judge nonetheless agreed with the sentiment of the case, that Plaintiff was wronged, and the party who took the automatic payments needed to pay her back.

HYDE & SWIGART
San Diego, California

48.   The correct Pure Fitness continues to seek dues from Plaintiff which are not owed.

49.   Through this conduct, Defendant was collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law.  Consequently, Defendant violated 15 U.S.C. § 1692f(1).

50.   Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

51.   Subsequently, but before September 11, 2012, the alleged debt was assigned, placed, or otherwise transferred, to Conrad for collection.

52.   On or about September 11, 2012, Defendants mailed a dunning letter to Plaintiff.  A few days later, Plaintiff received that letter.

53.   This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

54.   This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

55.   This letter stated that Plaintiff owed $290.00 to Pure Fitness. Plaintiff had established in small claims court that not only does she not owe any money, but she is owed money by Pure Fitness.

56.   Subsequently, Plaintiff notified Defendants in writing, that this alleged debt, or some portion of it, was disputed.

57.   Plaintiff contacted Conrad and explained the situation; she even faxed a copy of the small claims judgement to the Conrad. However Conrad still pursues Plaintiff for the alleged debt.

HYDE & SWIGART
San Diego, California

58. Through this conduct, Defendant was collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law.  Consequently, Defendant violated 15 U.S.C. § 1692f(1).

59. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

60. Subsequent to the small claims action, Plaintiff discovered that she served and sued the wrong "Pure Fitness" in her small claims action. However, Defendant Pure Fitness has taken money that was not authorized, and continues to try to collect further membership charges which were not authorized.

**CAUSES OF ACTION**

**COUNT I**

**FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**

**15 U.S.C. §§ 1692 ET SEQ.**

**[AS TO CONRAD ONLY]**

61. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

62. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

63. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

HYDE & SWIGART
San Diego, California

## COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)

### CAL. CIV. CODE §§ 1788-1788.32

64.  Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

65.  The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

66.  As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each and every defendant, jointly and severally.

## COUNT III

### CALIFORNIA CONSUMERS LEGAL REMEDIES ACT

### CAL. CIV. CODE §§ 1750 ET SEQ.

67.  Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

68.  California Civil Code § 1770 prohibits unfair and deceptive business practices.

69.  Defendant Pure Fitness has violated the Consumer Legal Remedies Act by having engaged and continuing to engage in unfair and deceptive business acts and practices.

70.  Specifically, Defendant Pure Fitness's business practices are unfair because Defendant Pure Fitnesses misrepresented the parties' respective rights and obligations under the agreement.

71.   Defendant Pure Fitness is engaging, has engaged, and there is a substantial likelihood that Defendant Pure Fitness will continue to engage in these unfair and deceptive practices unless enjoined by this Court. As Such, Defendant Pure Fitness should be enjoined from these unfair business acts.

72.   Plaintiff has suffered damages as a direct result and proximate result of Defendant Pure Fitness's actions.

**COUNT IV**

**HEALTH STUDIOS SERVICES ACT**

**CAL. CIV. CODE §§ 1812.80 ET SEQ.**

73.   Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

74.   California Civil Code §§ 1812.80 *et seq*. regulate health studio contracts, which the California legislature has deemed necessary for the public welfare. This section safeguards the public from fraud, deceit, and imposition of financial hardship, while at the same time fostering competition and fair dealing.

75.   The membership agreement at issue is a health studios services contract - it is for the use of Defendant Pure Fitness's facilities.

76.   Defendant Pure Fitness failed to include proscribed language regarding the right to cancel in close proximity to the space reserved for the buyer to sign in violation of California Civil Code § 1812.85(b)(1).

77.   The Agreement does not contain the name and address of the health studio operator to whom the notice of cancellation is to be mailed in violation of California Civil Code § 1812.85(b)(1)&(2).

78.   Defendant Pure Fitness never corrected the items described above that violated the provisions of California Civil Code §§ 1812.80 *et seq*.

///

///

HYDE & SWIGART
San Diego, California

HYDE & SWIGART
San Diego, California

79. The Agreement does not comply with the applicable provisions of California Civil Code, Title 2.5, §§ 1812.80 *et seq*. Therefore, pursuant to California Civil Code § 1812.91, the Agreement is void and unenforceable.

80. Plaintiff has suffered damages as a direct and proximate result of Defendant Pure Fitness's actions.

**COUNT V**

**UNFAIR TRADE PRACTICES**

**CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200 ET SEQ.**

81. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

82. California Business and Professions Code §§ 17200 *et seq*. prohibit unfair, unlawful, and fraudulent business practices.

83. Defendants have engaged in unfair competition as defined by the Business and Professions Code §§ 17200 *et seq.*

84. Defendants' acts and practices as alleged herein are unfair because the utility of the conduct is outweighed by the gravity of the harm it causes. Further, Defendants' conduct is unfair because it offends established public policy or is immoral and unethical, oppressive, unscrupulous, and substantially injurious to consumers. And, as detailed above and below, Defendants' conduct violates consumer laws, specifically the California Consumers Legal Remedies Act, California Civil Code § 1812.81, *et seq*., the Federal Fair Debt Collection Practices Act, and the Rosenthal Fair Debt Collection Practices Act, violated the spirit of these statutes; and otherwise significantly threatens or harms consumers. Defendants' conduct has caused substantial injury, which was not reasonably avoidable by Plaintiff, and is not outweighed by countervailing benefits to consumers or to competition.

85. Defendants' actions constitute unlawful practices because it engaged in the following acts:

a. Violating the California Rosenthal Fair Debt CollectionPractices Act;

b. Violating the federal Fair Debt Collection Practices Act; and

c. Violating California Civil Code §§ 1820.80, *et seq.*

86. Defendant Pure Fitness's actions constitute unlawful practices because it engaged in the following acts:

a. Violating California Civil Code §§ 1820.80, *et seq.*

b. Violating the California Consumer Legal Remedies Act

87. Plaintiff suffered injury in fact and monetary damages as a direct and proximate result of Defendant's actions

88. Defendants are engaging, have engaged, and there is a substantial likelihood that they will continue to engage in this unlawful and unfair competition unless enjoined by the Court. As such, Pursuant to Business and Professions Code § 17203, Defendants should be enjoined from unlawful and unfair business acts.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from Defendants, as follows:

- Damages in an amount to be determined at trial;

- Pursuant to Business and Professions Code § 17203, that Defendants be enjoined be permanently enjoined from violating Business and Professions Code §§ 17200, et seq., in connection with the violations alleged in this Complaint;

- Disgorgement under § 17203 of the Business and Professions Code;

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);

HYDE & SWIGART
San Diego, California

• An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

• An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

• Triple Actual damages pursuant to California Civl Code § 1812.94;

• Interest, if applicable;

• Punitive damages according to proof at trial;

• Any other relief that the court Considers proper.

89. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: August 19, 2013          By:/s/Jessica R. K. Dorman
                               Jessica R. K. Dorman
                               Attorneys for Plaintiff